UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>ALLAN B. HARTLEY,<br><br>    Debtor | Chapter 13<br>Docket No. 21-10188 |

**CREDITORS DAVID LANDAU AND LANDAU STAFFING SOLUTIONS, LLC'S COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §523, MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND FOR ADDITIONAL RELIEF ARISING OUT OF DEBTOR'S SERIAL BANKRUPTCY FILINGS**

Creditors David S. Landau and Landau Staffing Solutions LLC (together, "Landau") hereby file this Complaint seeking that the debt of debtor Allan B. Hartley ("Hartley") be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A). Landau also moves for relief from the Automatic Stay pursuant to 11 U.S.C. §362 so that he may continue the contempt and *capias* proceedings which are pending against Hartley in the Norfolk Superior Court.

Hartley has filed for bankruptcy *four* times in in order to avoid Landau's judgment collection efforts, including for Chapter 13 protection just last year. Hartley's debt initially arose out of his fraud, and he has repeatedly violated the Orders of both the Norfolk Court and this Court. This is the *seventh* court case through which Landau has been seeking relief arising out of Hartley's fraud. There must be consequences for this abuse of the bankruptcy court system. Accordingly, Landau seeks reasonable attorneys' fees and costs.

    **I.**    **FACTS**

        **A.**    **Hartley's Fraud Upon Landau**

In or about 2014 Hartley defrauded Landau in New Jersey. Landau sued Hartley in New Jersey Superior Court, and final judgment entered against Hartley in the amount of $105,555.89.

1

On or about October 7, 2014, Landau commenced a collection action in Norfolk County Superior Court, Civil Action No. 14-01363. Due to discovery abuses by Hartley in that case, Landau filed a Motion for a *capias* to issue for Hartley's arrest.

### B. Hartley's First Bankruptcy through Attorney Merritt's Office

Four days prior to the hearing for a *capias*, Hartley filed for bankruptcy, stopping the Superior Court case. See In Re: Allan B. Hartley, USBC 15-01215), filed by Attorney Steven Merritt. On or about November 2, 2015, Landau filed an adversarial proceeding seeking a determination that the $105,555.89 judgment be exempted from discharge on the basis of fraud. On the day of trial, December 15, 2016, the parties entered into a Settlement and Mutual Release Agreement, see Exhibit 1, appended, settling the debt for $80,000 and agreeing that the debt was non-dischargeable. Id.

Hartley then breached the settlement agreement by not making timely payments and by failing to give Landau a mortgage on his principal residence, as he was obligated to do. Accordingly, Landau returned to the Norfolk Superior Court and filed a second Superior Court action to collect on his hard-earned judgment. On March 29, 2018, Norfolk Superior Court Ordered that Hartley be enjoined from dissipating $100,000 worth of his assets. See Writ of Attachment and Preliminary Injunction dated March 29, 2018, Exhibit 2.

### C. Hartley's Second Bankruptcy through Attorney Merritt's Office

On May 21, 2018, in a second attempt to side-step the Norfolk Superior Court's contempt and *capias* powers, Hartley filed another bankruptcy petition (In Re: Allan B. Hartley, USBC 18-11888), *again* by Attorney Steven Merritt, see Exhibit 3, and Landau was forced to file another proof of claim. Exhibit 4. That bankruptcy petition was dismissed on May 31, 2018.

The parties returned again to the Norfolk Superior Court. On November 18, 2019, the Superior Court (Miller, J.) Ordered Hartley to provide written discovery. Exhibit 5. But Hartley *again* ignored the Superior Court's orders. He failed to provide any responses to interrogatories, failed to provide any documents, and failed to appear for his deposition, despite a Court order. On December 11, 2019, Landau filed a Complaint for Contempt against Hartley. See Complaint for Contempt dated December 11, 2019, Exhibit 6.

### D. Hartley's Third Bankruptcy through Attorney Merritt's Office

To *again* avoid contempt proceedings and a *capias*, Hartley filed for bankruptcy under Attorney Merritt's offices on February 10, 2020. See Chapter 13 Petition dated February 10, 2020, Docket No. 20-10363, see Exhibit 7. But Hartley failed to comply with the Bankruptcy Court's Order of February 11, 2020 (Bailey, J.), and thus this third case was dismissed. See Exhibit 8 ("Due to the failure of the Debtor to comply with the Court's Order of 02/11/2020, and the Debtor having failed to file timely the Evidence of Current and Sufficient Liability and Property Insurance, it is hereby ordered that the above-entitled case be and hereby is dismissed"). Upon information and belief, Hartley did not appeal Judge Bailey's dismissal order. The parties returned to Norfolk Superior Court. The Superior Court scheduled a hearing on the status of the Complaint for Contempt for February 18, 2021. Exhibit 9.

### E. Hartley's Fourth Bankruptcy through Attorney Merritt's Office

Like Groundhog's day, about *one hour* before the long-delayed contempt hearing, Hartley, again through Attorney Merritt's law office, filed his *fourth* bankruptcy filing, thus stopping the Superior Court process. See Exhibit 10.

Attorney Merritt has represented Hartley throughout the Norfolk Superior Court actions.

## II.   ARGUMENT

Hartley's debt should be excepted from discharge because it was procured by fraud. For the sake of judicial economy, see the voluminous papers filed and the arguments raised in In Re: Allan B. Hartley, USBC 15-01215, which can be re-addressed in greater detail upon Court instruction. Further, the settlement agreement makes clear that: "In the event Hartley should re-file for bankruptcy protection, he agrees that this debt to Landau shall not be dischargeable." Id., p. 3. Finally, Hartley engaged in fraud in inducing Landau to enter into the settlement agreement insofar as he knew or should have known that he would not comply therewith at the time he entered into said agreement.

In addition, Hartley has filed for bankruptcy *four* times since the judgement of fraud was entered against him in 2014, and *each time* he did so with Attorney Merritt's assistance. See Exhibit 5; Exhibit 8. Hartley is abusing the bankruptcy system in order to frustrate Landau's attempt to collect on his fraud-based judgment. Every time Laudau gets close on his *capias* motion and/or a contempt proceeding, Harley and Attorney Merritt come back to this Court, like clockwork, to strip the Superior Court of its inherent power to enforce its orders under the automatic stay provisions of 11 U.S.C. § 362. Thus, Hartley is not seeking the objective of a "fresh start" contemplated by the Bankruptcy Code. Hartley has also repeatedly ignored both the Superior Court Orders on discovery, and this Court's Orders on payments, the tendering of a mortgage, and the filing the evidence of insurance. See Exhibits 5, 6, 8 and 9.

Thus, Hartley—with the knowing and willing assistance of Attorney Merritt—is abusing the Bankruptcy code, and Laudau is entitled to appropriate relief. See In re Gonzalez-Ruiz, 341 B.R. 371, 383 (1st Cir. BAP 2006) (debtor's fourth bankruptcy case "was not filed in order to reorganize the Debtors' affairs, but to circumvent and undermine the bankruptcy court's orders in

the Third Case, which the Debtors had failed to timely appeal. **Filing a new bankruptcy case is not an alternative remedy to an appeal. It is not an honest approach to the bankruptcy process**"). Id. (emphasis added). Hartley has no "simple honesty of purpose" which is required for a petition to be in good faith. See Keach v. Boyajian (In re Keach), 243 B.R. 851, 856 (B.A.P. 1st Cir. 2000).

Landau seeks relief from the automatic stay so that he may pursue the *capias* against Harley in the Superior Court. Landau also seeks appropriate additional relief from this Court arising out of the apparent abuse of the Bankruptcy system, including an order that Hartley be ordered to pay reasonable attorneys' fees in the filing and arguing of these proceedings. Gonzalez-Ruiz, 341 B.R. at 371 (Court may issue "appropriate" remedies when a debtor "serially files bankruptcy petitions solely to invoke the automatic stay." Id. at 384; In re Standfield, 152 B.R. 528, 1993 Bankr. LEXIS 502.

### III.     RELIEF REQUESTED

For the reasons set forth above, Landau respectfully requests:

(1)  an Order that the debt of Hartley be excepted from discharge pursuant to 11 U.S.C. 523(a)(2)(A);

(2)  relief from the Automatic Stay pursuant to 11 U.S.C. § 362 so that he may continue the contempt and *capias* proceedings which are pending against Hartley in the Norfolk Superior Court;

(3)  an award of reasonable attorneys' fees;

(4)  an order that Hartley pay all amounts due to Landau, including accrued attorneys' fees as required by the settlement agreement (see Exhibit 1, p. 4, par. 12) before receiving any discharge;

5

(5) an appropriate remedy to ensure that Hartley stops abusing the Bankruptcy Code, such as a bar to his further filing for bankruptcy for one year. See, e.g., <u>Gonzalez-Ruiz</u>, 341 B.R. at 385-86; and

(6) any further and additional relief that this Court deems just and proper.

        Respectfully submitted,

        DAVID S. LANDAU and LANDAU STAFFING SOLUTIONS

        Creditors

        By their attorney:

        */s/ Jonathan D. Plaut*
        Jonathan D. Plaut, BBO: #638344
        COHAN RASNICK MYERSON PLAUT LLP
        One State Street, 12th Floor
        Boston, MA 02109
        T: (617) 451-3200
        E-mail: jdplaut@crmllp.com

Date: March 3, 2021

## CERTIFICATE OF SERVICE

I hereby certify that I provided service to all parties, and to Attorney Steven Merritt, via ECF filing and/or via First Class Mail this 3nd day of March, 2021.

        */s/ Jonathan D. Plaut*
        Jonathan D. Plaut

6